TORRES ET AL., PLAINTIFFS AND APPELLEES, *v.* SUCCESSION OF ROSALY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for Authorization to Compromise.

No. 1960.—Decided May 8, 1920.

JUDGMENT—COMPROMISE.—A judgment approving a compromise cannot be set aside as to certain parties to the compromise without hearing them all, especially when the parties stipulated that the compromise should be void if it were ineffective as to any of them and when the compromise was set out in a public instrument, which fact precludes application of section 140 of the Code of Civil Procedure which applies only to judgments, orders or proceedings.

The facts are stated in the opinion.

*Messrs. J. and A. Poventud* for the appellant.

*Messrs. Tord* and *Zayas Pizarro, J. F. Fernández, J. Tous Soto* and the *District Attorney* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Manuel Rosaly Castillo died in Barcelona, Spain, in 1917, leaving a holographic will made in Ponce on July 12, 1908, and admitted to probate by the District Court of Ponce.

In the said will the testator stated that by a public deed of August 13, 1880, he had acknowledged as his natural children a boy named Eulalio and a girl named Claudia begotten by him with Dionisia Vázquez, and that it was his desire to legitimate them so that they should be considered as his legitimate children and to designate them as his sole and universal heirs. The said Claudia and Eulalio Rosaly Vázquez consented to the legitimation.

Before the death of Manuel Rosaly Castillo, Manuela and Marta Rosaly had been declared to be his acknowledged natural children, and after his death two actions of filiation and heirship were brought against his heirs; one by Ramona Torres in behalf of her minor children Lucas and Crescencia Torres, and the other by Pastor Garriga as the lawful guardian of Francisco and Andrea Garriga, and in these

actions the defendant heirs offered to compromise as to the claims for inheritance.

In the offer of compromise made in the first-mentioned action to the minors Lucas and Crescencia Torres, the heirs of Manuel Rosaly Castillo, composed of his widow, Matilde Ríos Ovalle, and his children Eulalio and Claudia Rosaly Vázquez consented to a judgment in favor of the plaintiff minors for the sum of $2,725 each, or a total of $5,450 for both; that this sum should be paid by the defendants with properties of the estate of Manuel Rosaly Castillo, giving in payment a house and lot in ward number 2 of the city of Ponce, valued at $1,800, another lot and frame-house in the same ward number 2 of the city of Ponce, valued at $1,000, a tract of land situated in the ward of Anón of the municipality of Ponce, with an area of twelve acres, more or less, and valued at $500, and the remaining $2,150 in cash, thus making the total of $5,450; and that, as they understood that the minor plaintiffs had agreed to pay to their attorney, Eduardo Flores Colón, for his services in the said action the sum of $1,700, they agreed that if the plaintiffs were willing they would pay directly to the said attorney the sum stated, deducting it from the $2,150 to be paid in cash, which would thus be reduced to $450, the defendants reserving the right to pay to the attorney $500 in cash and $1,200 in an undivided interest in a rural property belonging to the estate of Manuel Rosaly Castillo, consisting of twenty-six acres, more or less, in the ward of Portugués of the municipality of Ponce.

In the other action of filiation and heirship brought by the minors Francisco and Andrea Garriga against the heirs of Manuel Rosaly Castillo, in their written offer to compromise the claim of inheritance the defendants consented to a judgment in favor of the minor plaintiffs for the sum of $2,000, or $1,000 each, to be paid in cash; that as the defendants understand that the plaintiffs had agreed to pay

to their attorney, Leopoldo Tormes, for his services in the said action the sum of $1,000, they were willing, if the plaintiffs agreed, to pay directly to the said attorney the said sum of $1,000, deducting it from the $2,000 which would then be reduced to $1,000, the defendants reserving the right to pay $300 in cash and $700 by the conveyance for said sum to the said attorney of a house and lot in the city of Ponce fronting on Victoria Street.

In the offers of compromise both to the minors Torres and to the minors Garriga it was agreed that the payments and conveyances should be made within forty days after the dates of the judgments entered, regardless of the court's holdings upon the filiation or acknowledgment of the plaintiff minors; and that the offer of settlement and its acceptance would have no effect until the corresponding authorization of the court should be obtained and would not be valid if for any reason any of the compromises offered in the two actions or the compromise offered to Manuela and Marta Rosaly should not take effect.

Both offers of compromise were accepted by the representatives of the said minors, Lucas and Crescencia Torres and Francisco and Andrea Garriga, the representatives of the Torres minors making it a condition that the payment of the $1,700 to their attorney, Eduardo Flores Colón, should be made directly in the manner indicated in the compromise, for which reason it should only be necessary to pay to the minor plaintiffs the sum of $450 in cash, and the representatives of the Garriga minors agreeing that the payment of the $1,000 to their attorney, Leopoldo Tormes, should be made directly to him by the defendants, for which reason the said minors would receive only the sum of $1,000.

In order to carry into effect the said compromises Lucas and Crescencia Torres, represented by their mother, Ramona Torres; Francisco and Andrea Garriga, represented by their lawful guardian, Pastor Garriga, and by their

guardian *ad litem,* Francisco Parra Capó, and Marta Rosaly, represented by her mother, Jacinta Rivera, known as Jacinta Ruíz, petitioned the District Court of Ponce for the necessary authorization, stating the following:

1. That the succession of Manuel Rosaly Castillo consists of his widow, Matilde Ríos Ovalle, and his legitimate children, by testamentary legitimation, Eulalio and Claudia Rosaly Vázquez, as appears from the holographic will of the said Rosaly which was duly probated;

2. That the estate left by Manuel Rosaly Castillo, on a careful investigation made by the petitioners and their attorneys, amounts to the net divisible sum of $51,600, more or less, from one-third of which the shares of the acknowledged natural children Manuela and Marta Rosaly (the latter being a minor) and the shares (should their actions of filiation and heirship be successful) of the minors Lucas and Crescencia Torres and Francisco and Andrea Garriga, should be paid;

3. That the properties of the estate of Manuel Rosaly Castillo are situated within the Judicial District of Ponce;

4. That the minors Lucas and Crescencia Torres, 17 and 13 years old respectively, by their mother, Ramona Torres, and Francisco and Andrea Garriga, 10 and 12 years old respectively, by their guardian *ad litem,* Francisco Parra Capó, brought actions of filiation and heirship in the District Court of Ponce against the heirs of Manuel Rosaly Castillo, alleging that they were entitled to participate in the estate of Rosaly Castillo as his natural children;

5. That the minor Marta Rosaly and also her adult sister, Manuela Rosaly, are acknowledged natural daughters of Manuel Rosaly Castillo, according to a judgment of the District Court of Ponce entered during the lifetime of Rosaly Castillo;

6. That the lawful heirs of Manuel Rosally Castillo answered both actions of filiation, denying the allegations

thereof, and that as to the actions of heirship the said heirs offered to compromise both of the said suits and the compromises were accepted by the plaintiff minors;

7. That the heirs of Manuel Rosaly Castillo also agreed to a compromise with the lawful representative of the minor Marta Rosaly and with her adult sister, Manuela Rosaly, by which they consented to pay to the said Manuela and Marta Rosaly the sum of $3,675 each, or a total of $7,350, in full payment of their hereditary rights and interests in the estate of their ancestor, payable as follows: To Manuela Rosaly, less the sum of $500 which during the lifetime of Rosaly Castillo was given to her as an advance, house and lot No. 48 in ward No. 2 of Ponce, fronting on Guadalupe Street, valued at $1,200, and $1,975 in cash, making a total of $3,675, and to the minor Marta Rosaly, less the sum of $300 which during the lifetime of Rosaly Castillo was given to her as an advance, a tract of land of fourteen acres in the ward of Anón of Ponce, valued at $1,200, another tract of land of ten acres in the same ward, place called Los Chinos, valued at $500, and $1,675 in cash, making a total of $3,675; that inasmuch as Manuela Rosaly and Jacinta Rivera, or Ruíz, in the name of her acknowledged minor daughter Marta Rosaly, owed to their attorney, Eduardo Flores Colón, for his professional services the sums of $1,800 and $1,500, they proposed to the lawful heirs of Manuel Rosaly, who accepted, that the said fees be paid directly to the said attorney by the Rosaly heirs, deducting the said sums from the amounts to be paid to Manuela and Marta Rosaly, the heirs of Rosaly reserving the right to pay the fees of attorney Eduardo Flores Colón for account of the said Manuela and Marta Rosaly by conveying to the said attorney a joint interest for said sums in a rural property of twenty-six acres belonging to the estate of Manuel Rosaly Castillo in Portugués ward of the municipality of Ponce, valued at $4,500; that it was also agreed that the

payments and conveyances stipulated, including those to at-
torney Eduardo Flores Colón, should be made within forty
days after the date of the approval of the compromise by
the court as to the minor Marta Rosaly and after the date
of the approval also of the other compromises offered to
the minors Francisco and Andrea Garriga and Lucas and
Crescencia Torres, the compromise not to take effect until
the lawful representative of the minor Marta Rosaly had
obtained the approval of the court, and not to be valid if
for any reason any of the compromises offered in the ac-
tions brought in the District Court of Ponce by the minors
Francisco and Andrea Garriga and Lucas and Crescencia
Torres against the heirs of Manuel Rosaly should not take
effect.

The petitioners also allege, after explaining the reason
why the sums offered to the minors Francisco and Andrea
Garriga are less than those offered to the minors Lucas and
Crescencia Torres and those offered to the latter are less
than those offered to Manuela and Marta Rosaly, that the
compromises offered and accepted are beneficial to the mi-
nors Francisco and Andrea Garriga and Lucas and Crescen-
cia Torres because in case their actions should not prosper
for any reason, such as insufficiency of evidence, or other
similar reason, they would not receive a single cent from
the estate of their alleged natural father, while the com-
promises secure to each the sum offered even in case the
outcome of the action of filiation should be adverse to them;
that the compromises are beneficial also to the said minors
Torres and Garriga in order to avoid heavy expenses and
prejudicial delays in the pending actions and to put an im-
mediate end to the said suits as to the actions of heirship
and avoid further litigation and differences in the adminis-
tration of the estate and its valuation and partition between
the heirs; that the compromise is beneficial to the minor
Marta Rosaly for the reason that for some months past she

and her adult sister, Manuela Rosaly, represented by their attorney, Eduardo Flores Colón, have been contending with the lawful heirs of Manuel Rosaly Castillo in regard to the amount belonging to them in the estate of Manuel Rosaly Castillo, without having been able to come to an understanding for the reason, among others, of the pendency of the actions brought by the minors Torres and Garriga against the said heirs, the said compromise being particularly beneficial to the minor Marta Rosaly because it is doubtful whether the lawful portion of the natural children should be computed on the basis of half of what belongs to the legitimate children, thus the compromise will avoid suits with the lawful heirs of Manuel Rosaly in connection with the final valuation of the estate, with the usufructuary rights of widow Matilde Ríos, and with the portion of the estate belonging to her as her half share in the conjugal partnership.

The District Court of Ponce, after the evidence had been examined and the district attorney had been heard, he having considered that the compromises would be proper, entered a judgment on July 24, 1917, which concludes as follows:

"Therefore, the court, sustaining the petition for authorization to compromise presented in this case, grants the said authorization to compromise petitioned for on the ground of utility and necessity and consequently approves and ratifies in all respects the said compromises ※ ※ ※ accepted and agreed upon in the actions pending before this court between the minors Lucas and Crescencia Torres, represented by their natural mother, Ramona Torres, against the heirs of Manuel Rosaly y Castillo, and between the minors Francisco and Andrea Garriga, represented by their guardian *ad litem*, Francisco Parra Capó, and their lawful guardian, Pastor Garriga Torres, against the said heirs of Manuel Rosaly, both being actions of filiation and heirship, but only as to the causes of action of heirship and under the terms contained in the respective compromises and acceptances, ※ ※ ※ the court approving and ratifying likewise the compromise entered into by and between the said heirs of Manuel Rosaly y Castillo and the minor Marta Rosaly, represented by her

natural mother, Jacinta Rivera, known as Jacinta Ruiz, and under the terms expressed in the said compromise, * * *; provided that the money to be received by the said five minors as a result of the said compromises shall be paid by the heirs of Rosaly, or their lawful representative, into the office of the clerk of this court, where it will remain to be invested according to the instructions and orders of the court after hearing the district attorney, except as to the amounts which the said heirs of Rosaly are to pay directly to the attorneys of the said minors, Eduardo Flores Colón and Leopoldo Tormes, according to the said compromises, which sums may be paid directly to the said attorneys, deducting the same from the cash amounts offered to the said five minors, and depositing only with the clerk of the court and for said minors the remaining cash sum, as expressed in the compromises, and as to the other properties, the said minors, by their lawful representatives, shall be put in possession of them in the manner and at the time agreed upon in the said compromises.''

On July 27, 1917, the district court entered judgment in the action brought by the minors Lucas and Crescencia Torres against the heirs of Rosaly y Castillo, sustaining the complaint as to the action of filiation and ordering as to the action of heirship that the parties be governed by what was agreed upon in the compromise entered into and approved by the order of July 24, 1917.

On July 28, 1917, Eulalio Rosaly deposited with the clerk of the court on behalf of the heirs of Rosaly y Castillo a check against the ''Crédito y Ahorro Ponceño'' for $1,625.00 in compliance with the compromises as to the interested minors, of which $1,000 belonged to the minors Garriga, $450 to the minors Lucas and Crescencia Torres and $175 to the minor Marta Rosaly.

By virtue of the judgment of the District Court of Ponce of July 24, 1917, a public deed was executed on the 28th of the same month to carry into effect the compromises thereby authorized. The parties to this deed were Matilde Ríos Ovalle, widow of Manuel Rosaly y Castillo, Eulalio and Claudia Rosaly y Vázquez, in their own rights and as the

lawful heirs of Manuel Rosaly y Castillo, the first as the surviving spouse and the others as legitimate children of Rosaly y Castillo by virtue of his will, Manuela Rosaly in her own right, Pastor Garriga y Torres as the lawful guardian of the minors Francisco and Andrea Garriga, Ramona Torres in behalf of her acknowledged natural children Lucas and Crescencia Torres, and Jacinta Rivera, known as Jacinta Ruíz, in behalf of her minor acknowledged natural daughter Marta Rosaly. The judgment of the District Court of Ponce of July 24, 1917, was copied in full into the deed, which conveyed to the minors Lucas and Crescencia Torres, to Manuela Rosaly, of age, and to the minor Marta Rosaly, the properties which they were respectively to receive in payment of their hereditary interests according to the compromises agreed upon. In payment of their hereditary interests the minors Garriga received the sum of $1,000 which had been deposited with the clerk of the court. Attorney Leopoldo Tormes admitted having received $300 in partial payment of the fees owing to him by the minors Garriga, and in payment of the remaining $700 he was granted a lot on Victoria Street, Ponce, with a frame-house thereon, and attorney Flores Colón, in payment of the $5,000 owing to him for fees for professional services rendered to the minors Torres and Manuela and Marta Rosaly, received $500 and the remaining $4,500 was paid to him by the grant of a property of the estate of Rosaly which is described in the deed.

The deed of compromises was presented to the court of Ponce and the court entered an order on July 30, 1917, approving the same in all its parts, finding it to be wholly correct and in accordance with the compromises made.

On motion of Ramona Torres, as representative of her minor children Lucas and Crescencia Torres, dated July 30, 1917, the court, on the same date, ordered the clerk to deliver to her out of the sum deposited with him the amount of $450 which belonged to her minor children, to pay for

their support and the expenses of painting and repairing the houses.

On motion of Jacinta Ruíz,. as representative of her daughter Marta Rosaly, dated August 13, 1917, the court, on the 15th of the same month, ordered that delivery be made to her of the $175 deposited with the clerk for the said minor, to attend to certain needs of the two rural properties which were allotted to her.

In November, 1917, Ramona Torres, in the name and in behalf of her children, the minors Lucas and Crescencia Torres, Manuela Rosaly, and Jacinta Ruíz, in behalf of her minor natural daughter Marta Rosaly, by their attorneys López de Tord, Zayas Pizarro and J. F. Fernández, moved the court that in accordance with section 140 of the Civil Code and in the interest of justice the judgment approving the compromises therein set forth be set aside as to the moving parties, alleging that the actual value of the real properties allotted to them is much less than the value assessed and for which they were accepted; that Eulalio and Claudia Rosaly entered into the compromise contracts ostensibly as the legitimated children of Manuel Rosaly Castillo and the movers considered them as such until recently informed by persons who are worthy of credit they believe that the said Eulalio and Claudia Rosaly are acknowledged natural children of Manuel Rosaly Castillo, with no better rights in the estate of Rosaly Castillo than the movers, who are also acknowledged natural children of Rosaly Castillo; that they are willing to restore all of the properties received by reason of the compromise; that they have been recently informed and are firmly convinced that the value of the estate of Manuel Rosaly Castillo is much greater than the sum of $50,000 at which it was estimated, for some of the properties have been assessed at less than half their actual value.

The heirs of Rosaly Castillo opposed the motion, denying the fundamental averments thereof and alleging that

Eulalio and Claudia Rosaly are not only acknowledged natural children of Manuel Rosaly Castillo, but they were duly legitimated by him in his holographic will; that the properties allotted to the movers in the compromises entered into have the values at which they were assessed by common consent of the interested parties; that Manuela and Marta Rosaly and Lucas and Crescencia Torres, duly represented and authorized by the court, obtained from the heirs of Rosaly Castillo the payment of $5,000 for fees of their attorney, Eduardo Flores Colón, there having been conveyed to Flores Colón a rural property in payment of $4,500, as appears from the deed of compromise dated July 28, 1917, which rural property Flores Colón had sold to Mario Mercado who was not willing to return it, and that the estate left by Rosaly Castillo amounted, at the time of the compromises, to the sum of $51,000, more or less, after deducting the liabilities, as it was made to appear in the said deed.

Among other additional grounds of objection the opposers allege that in the proceeding instituted by the movers there is a defect of parties contestant because notice of the motion was not given to Eduardo Flores Colón, Mario Mercado, Leopoldo Tormes, and other persons who have acquired rights under the judgment attacked by the movers, and that the said motion does not set up facts sufficient to establish the rights sought to be asserted.

The motion having been heard on the day set therefor and oral, documentary and expert evidence having been examined, the district attorney was of the opinion that the motion should be sustained and the court entered an order on July 31, 1918, whereby it "sustains the motion and consequently sets aside, as to Lucas and Crescencia Rosaly and Manuela Rosaly and Jacinta Ruíz, as representative of her natural daughter Marta Rosaly, the said judgment of July 24, 1917, * * * whereby the compromise was approved * * *, without special imposition of costs." That order

has been appealed from to this court by counsel for Eulalio and Claudia Rosaly Vázquez.

Several errors are assigned by the appellants, some for defects of form in violation of the rules of procedure and others going to the merits of the case, among the former, the lack of parties because notice of the motion to set aside the judgment of July 24, 1917, was not given to all the parties interested.

In the compromises approved by the said judgment, besides the heirs of Rosaly Castillo the interested persons were not only the minors Lucas' Torres, Crescencia Torres and Marta Rosaly, and Manuela Rosaly, of age, who were the only ones who sought by their motion of November, 1917, to set aside the said judgment as to them, but also the minors Francisco and Andrea Garriga and attorneys Eduardo Flores Colón and Leopoldo Tormes, it having been stipulated that the compromises would not be valid if for any reason they failed to take effect as to any of the parties. That stipulation gave to the compromises the character of a whole with parts so connected that it was impossible to destroy or annul one part without affecting the whole; therefore, whatever the procedure followed to set aside the judgment of July 24, 1917, approving the compromises, besides the heirs of Rosaly, who were actually heard, it was necessary to hear also the Garriga minors and attorneys Flores Colón and Tormes, but they were not given a hearing. There being a lack of interested parties, the proceedings were not sufficient in law for setting aside the judgment as prayed for; therefore the order appealed from is fatally defective. See *Vázquez* v. *Santalís et al.*, 26 P. R. R. 614.

Besides, the compromises were set out in a public deed executed on July 28, 1917, and the order appealed from necessarily had to affect the said deed; therefore when the petitioners sought by their motion of November, 1917, to be exempted from the effects of the judgment of July 24, 1917,

they impliedly asked to be exempted from the effects of the public deed of July 28, in which the compromises were agreed upon. This proposition does not fall within the letter and spirit of section 140 of the Code of Civil Procedure, cited by the appellees, inasmuch as a deed can not be considered as a judgment, order or proceeding.

The appeal being sustained for the reasons stated, it is unnecessary to discuss the other errors assigned.

But if we consider the merits of the case it seems that the reasons given by the appellees for being exempted from the effects of the judgment of July 24, 1917, are not sufficient to support their motion. It does not appear that there was fraud, deceit or bad faith on the part of the heirs of Rosaly Castillo. Error was alleged in the valuation of the properties distributed by the compromise and in the value of the estate of Rosaly Castillo, as well as in the fact that the appellees considered the children as legitimated by Rosaly Castillo in his holographic will when they could not be considered as such legitimated children, but as acknowledged natural children. The first error assigned is one of fact, and apart from whether it would justify the rescission of the compromises, it must be borne in mind that a statement regarding the value of property is generally a matter of opinion, it being presumed that both parties to a compromise so understand, and that "a family settlement for the disposal of real estate, made to avoid litigation, will not be set aside merely because of the disproportion between the value of the lands one of the parties receives thereunder, and those he was legally entitled to recover." Note to *Gratz's Executors et al. v. Cohen et al.*, 52 U. S. 1.

The other error assigned regarding the character of legitimated children under the holographic will of Rosaly y Castillo, with which Eulalio and Claudia Rosaly appeared in the compromise, is not an error of fact, but one of law, for it is not denied that such legitimation was made and only

its sufficiency in law is attacked. We doubt that such an error of law may be successfully invoked for the annulment of the compromises. *Arandes* v. *Báez,* 20 P. R. R. 364; *American Railroad Company* v. *Wolkers,* 22 P. R. R. 264.

The order of the District Court of Ponce of July 31, 1918, must be reversed, leaving in force the judgment approving the compromises of July 24, 1917, without costs.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.